ALEXANDER GRANT, JR., assignee &c.,

*v.*

DAVID S. CROWELL.

1. It is not ground for demurrer that an assignee under an assignment for the benefit of creditors has not averred in his bill that he has given his bond and filed his inventory, and complied with all the requirements of the statute.

2. Such assignee cannot recover, for the benefit of the creditors under the assignment, moneys which appear by his bill to have been due from and to have been paid by his assignor to the defendant, on a mere allegation that his assignor and the defendant may have been partners as to third persons in the transaction wherein such moneys were paid; for if there was such partnership, the complainant does not represent its creditors.

---

Bill for relief. On general demurrer.

*Mr. F. M. Olds* and *Mr. H. K. Coddington,* for demurrant.

Grant *v.* Crowell.

*Mr. W. G. Cumming,* for complainant.

The Chancellor.

The bill states that the complainant is assignee of David Thompson, under an assignment made by him for the equal benefit of his creditors, under the act " to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors ;" that as such assignee he has given the bond required by the statute ; that Thompson carried on business, under the name of Bolles Brothers, from about May 2d, 1881, to the 10th of July, 1886 ; that in some way the business of the Bolles Export Company was, on or about March 7th, 1883, added to that which up to that time had been carried on under the name of Bolles Brothers ; that by entries on the books of Thompson it appears that the defendant contributed all of the capital invested in the business of the Bolles Export Company except $3, and that he virtually owned that branch of the business; that on or about September 14th, 1883, another business, that of manufacturing and selling perfumery extracts, was added to the branches which were then carried on, the capital for which last-mentioned branch appears by Thompson's books to have been furnished by the defendant ; that on or about the 1st day of November, 1884, still another branch—the manufacture of sarsaparilla powder—was added, the right to manufacture wherein was, as appears by those books, bought with the defendant's note ; that on or about the 8th of October, 1883, the manufacture of a certain oil was added, one-half of the cost of the right to manufacture which was, according to the books, paid for by the defendant and the other half by Thompson ; that it appears by the books that the defendant, from time to time, between September 14th, 1883, and June 30th, 1885, contributed to the business carried on under the name of Bolles Brothers divers other sums of money, and at different times during that period drew out of the business considerable sums ; that on or about June 30th, 1885, a very considerable quantity of the stock of that concern was burnt, and that of the insurance money there was paid to the defendant the sum of $7,714.07, as appears by the before-

mentioned books; that the defendant appears by the books to
have drawn from the business divers large sums of money (about
$1,700 in the aggregate) for interest upon alleged advances and
loans claimed to have been made to the concern by him before
February, 1886; that he continued to pay into and draw out
money from the concern up to some time in June, 1886, and that
when the before-mentioned money was drawn out by him for
interest the concern was insolvent; that it appears from the in-
ventory annexed to the deed of assignment that the assets of the
concern amounted nominally to the sum of $10,946.93, and that
the amount due creditors was $11,853.90, exclusive of $5,500,
therein stated to be due to the defendant; that among the assets
is a house and lot, valued in the inventory at $5,000, which was
encumbered to almost, if not quite, the full value thereof; that
the inventory includes personal property of the assignor, not
employed in the business, of the estimated value of about $500,
and that for the property in or connected with the business not
over fifty per cent. of the valuation can be realized; that the
business and credit of the concern were increased by the money
contributed thereto by the defendant, and that he, by his per-
sonal visits to the place of business, and otherwise, manifested
great interest in the business; that when the $7,714.07 were
paid to the defendant out of the insurance money he promised
to return that money in a few days; that the money was paid to
him upon that promise, but he never returned it, but appropriated
it to his own use; that the withdrawal of that money so crippled
the concern that from that time it ceased to be prosperous, and
thenceforward until it ceased its business was conducted at a loss,
and the concern has never been able since then to meet its liabili-
ties; that the present creditors of the concern are to a great
extent those who had dealt with it before the withdrawal of the
$7,714.07, and that they continued to deal with the concern
afterwards in the belief that it was conducted in the same man-
ner and with the same command of resources as before that time.
The bill prays a discovery and an account, and that the defend-
ant may be decreed to pay to the complainant, as assignee, the
$7,714.07, and the moneys withdrawn by him from the capital

of the business since June 30th, 1885, or so much thereof as may be necessary for the purpose, to enable him to pay in full such of the creditors of the concern as have proved their claims before him or as may apply to this court.

The object of this suit is to ascertain whether the defendant was not a partner with Thompson in his business, and if he shall be shown to have been such, to hold him liable accordingly. There is enough stated in the bill to warrant the court in retaining it, provided the complainant is entitled to the relief which he seeks. The objection that it does not appear by the bill that the complainant has given bond and filed an inventory, as required by the assignment act, is of no weight. It is not necessary in order to enable him to sue as assignee that he should aver that he has complied with all the requirements of the statute. But the bill has no merits. The complainant shows no ground of claim. As the assignee of Thompson he might bring suit to recover property conveyed away by the latter in fraud of creditors, if such property were required in order to satisfy ᵗs of the creditors, who, if they were themselves to sue ᵗbject, would be entitled to such relief. *Pillsbury* v. *Stew. Eq. 287.* But no such relief is sought in this is not denied that the money paid by Thompson to the ₐt was due to the latter as between them, and therefore, ᵤween them, it was properly paid and properly received. ₐuch payment was an injustice to the creditors of Thompson it must be because there was a copartnership between Thompson and the defendant. But, if there was such copartnership, the complainant is not assignee thereof; he is assignee of Thompson alone. As such assignee he voluntarily champions the cause of Thompson's creditors, and endeavors by this suit to ascertain whether they have not an equity against the defendant, and if they have such equity he seeks to make it available to them for the payment of their debts. This is no part of his duty as assignee of Thompson. If the defendant was a partner of Thompson, and therefore ought to contribute to pay partnership debts, the complainant would have the right to maintain a suit, under the proper conditions, to compel him to make such contri-

bution.   But the bill makes no claim that there was such partnership *inter sese;* it suggests that there may have been a partnership as to the creditors, or some of them, of the Bolles Brothers concern.   So that the complainant does not seek to recover from the defendant money due to Thompson, but money which was lawfully paid by Thompson to the defendant, and which the latter lawfully received from him, and which, as between them, he is entitled to retain.   While the complainant, as assignee, represents to a certain degree the creditors of the assignor, he does not represent them to such an extent as to clothe him with their rights or charge him with the duty of seeking out and protecting those rights under such circumstances as are presented by the bill in this case.   If the creditors have an equity against the defendant in respect to the matters set up in the bill, they are the proper ones to enforce it.

The demurrer will be allowed.